Filed 11/21/13  P. v. Aguayo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058421 |
| v. | (Super.Ct.No. FSB026475) |
| GABRIEL AGUAYO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Gabriel Aguayo appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

I

PROCEDURAL BACKGROUND

On December 29, 2000, a jury found defendant guilty of one count of residential burglary (§ 459, count 2); two counts of assault with a firearm (§ 245, subd. (a)(2), counts 3 & 5); and one count of possession of a firearm by a felon (§ 12021, subd. (a), count 6).[2]  In addition, the jury found true the special allegation that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a)(1), in the commission of the assaults.  In a bifurcated bench trial, the trial court found true the special allegations that defendant had suffered three prior serious or violent felony convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)(1)), and three prior prison terms (§ 667.5, subd. (b)).  On September 11, 2001, after granting defendant's motion for a new trial on counts 2 and 3, and denying

_____

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The jury found defendant not guilty of two counts of robbery.  (§ 211, counts 1 & 4.)  The jury also found not true the special allegations that in the commission of the robbery in count 1 and the residential burglary defendant had personally used a firearm, to wit, a rifle, and that in the commission of the robbery in count 4 defendant had personally and intentionally discharged a firearm, to wit, a rifle.

2

defendant's motion for a new trial on counts 5 and 6, the trial court sentenced defendant to a total term of 42 years to life in state prison under the three strikes law.[3]

Defendant subsequently appealed to this court. Defendant's claims were rejected and the judgment was affirmed. (*People v. Aguayo* (Aug. 23, 2002, E030343) [nonpub. opn.].) Defendant later sought federal habeas relief. The federal district court denied defendant's request for relief. (*Aguayo v. Ollison* (C.D. Cal., Mar. 20, 2008, No. ED CV 07-607 RGK (SH)) 2008 U.S. Dist. Lexis 25373.)

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of

---

[3] Defendant's sentence consisted of the following: 25 years to life for the assault with a firearm conviction in count 5, plus 10 years for the personal firearm use finding attached to count 5; five years for one of the prior serious felony convictions, plus two one-year terms for two prior prison term findings; and with respect to the possession of a firearm by a felon (count 6), a stayed sentence pursuant to section 654. The trial court struck one of the prior serious felony convictions and one of the prior prison term findings. The trial court subsequently granted the prosecution's motion to dismiss counts 2 and 3.

Section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

On February 19, 2013, defendant filed in pro. per. a petition for resentencing under section 1170.126. The trial court denied the petition on March 21, 2013, because defendant's current commitment offense for assault with a firearm, with a special allegation for use of a firearm, is a serious and/or violent felony under section 667, subdivision (e)(2)(C)(iii), which made defendant ineligible for resentencing under section 1170.126, subdivision (e)(2). Defendant filed a timely notice of appeal.

II

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. Defendant's current commitment conviction for assault with a firearm with an enhancement allegation that defendant used a firearm in the commission of the assault is

4

a serious and/or violent felony within the meaning of section 667, subdivision (e)(2)(C)(iii).

## III

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                        P. J.

We concur:

RICHLI
          J.

CODRINGTON
          J.